

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JEROME POWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06 C 5940 |
| | ) |
| NURSE OMEKE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

The plaintiff, currently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendant, a nurse at the Cook County Correctional Center, violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs when the plaintiff was housed at the jail. More specifically, the plaintiff alleges that the defendant provided substandard care for a bite wound, erroneously treating the injury as if it were a boil. This matter is before the court for consideration of the defendant's motion to dismiss the complaint for failure to state a claim. For the reasons stated in this order, the motion is denied.

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). Fact pleading is not necessary to state a claim for relief. *Thompson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). To satisfy

the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff need only state his legal claim and provide "some indication . . . of time and place." *Id.* at 971.

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Norfleet v. Vale*, No. 05 C 0926, 2005 WL 3299375, at *1 (N.D. Ill. Dec. 5, 2005) (Zagel, J.). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996) (citations omitted).

## FACTS

The plaintiff alleges the following facts, which must be accepted as true for purposes of this motion: On December 2, 2005, the plaintiff went to the jail infirmary seeking treatment for a "strange bite mark" on the back of his leg. The wound caused swelling and significant pain. The medical staff told the plaintiff that it was a boil and gave him bandages. The medical staff additionally told the plaintiff that, although he needed emergency treatment, it was too late to go to the hospital that evening. The plaintiff was supposed to be taken to Cermak Hospital the next day.

Every day thereafter, the plaintiff told paramedics that he was supposed to go to the hospital; however, he was not taken to the infirmary until he complained to a correctional officer about four or five days later. The plaintiff experienced a great deal of pain during that time period.

On or about December 6, 2005, the plaintiff was finally seen by the defendant, "who did something to [the] leg with his hand which caused extreme pain." [Presumably, the defendant popped the pus-filled boil or carbuncle.] The defendant then dressed the wound.

Over the next few days, the plaintiff's leg swelled and drained considerably. The pain made it unbearable for the plaintiff to sit, stand or lean on that leg. Accordingly, the plaintiff returned to the health care unit a third time on an unspecified date.

The nurse who examined the plaintiff informed him that it was a bite wound and not a boil. A doctor then treated the plaintiff, commenting that the defendant was not supposed to have done what he did and that the plaintiff could have lost his leg. The plaintiff required several weeks of treatment until the wound healed.

## DISCUSSION

Accepting the plaintiff's factual allegations as true, the court finds that the complaint articulates a colorable–if borderline–Eighth Amendment cause of action. The defendant is correct that medical malpractice is not actionable under 42 U.S.C. § 1983. Nevertheless, the plaintiff may be entitled to relief if he can establish that the defendant's treatment "was so inadequate that it demonstrated an absence of professional judgment, that is, that no minimally competent professional would have so responded under those circumstances." *Collignon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir. 1998).

It is well established that the Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *Chapman v. Keltner*, 241 F. 3d 842, 845 (7th Cir. 2001); *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999). Deliberate indifference has both an objective and a subjective element: the inmate must have an objectively serious medical condition, and the health

care provider must be subjectively aware of and consciously disregard the inmate's medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976); *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000).

The court will assume for purposes of this motion that the plaintiff's condition was "serious." He alleges that his leg was swollen and caused him considerable pain; that the wound was oozing; that medical staff told him that he urgently needed treatment; and that a doctor told him later that he might have lost his leg. A medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention" may constitute a serious medical need. *Edwards v. Snyder*, 478 F.3d 827, 830-831 (7th Cir. 2007)[1] (*quoting Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005); *see also Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

The plaintiff has also satisfied the subjective component of the deliberate indifference claim. To establish deliberate indifference, a plaintiff must prove that the defendant "knew of a substantial risk of harm to the inmate and disregarded the risk." *Edwards*, 478 F.3d at 831; *Farmer v. Brennan*, 511 U.S. at 834. Mere medical malpractice or disagreement with a doctor's medical judgement does not amount to deliberate indifference. *Edwards*, 478 F.3d at 831. Moreover, negligence is not actionable under the 42 U.S.C. § 1983. *Collignon v. Milwaukee County*, 163 F.3d 982, 989 (7th Cir. 1998); *Steele v. Choi*, 82 F.3d 175, 179 (7th Cir. 1996). *Id.* "Still, a plaintiff's receipt of some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was 'so blatantly inappropriate as to evidence intentional mistreatment likely to

---

[1] The court is citing certain Eighth Amendment cases in this order. The same standard of deliberate indifference applies to claims brought under the Fourteenth Amendment. *See, e.g., Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999).

seriously aggravate' a medical condition." *Edwards*, 478 F.3d at 831, *quoting Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir.1996); *see also Greeno*, 414 F.3d at 654.

It would seem that the defendant was not alone in treating the infection as a boil rather than a bite wound. Again, the plaintiff is advised that erroneous treatment implicates the Constitution only when the health care provider's conduct reflects a substantial departure from accepted medical judgment, practice, or standards. *Sherrod, supra*, 223 F.3d at 611; *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996). If other health care providers assessed the injury as a boil, the plaintiff will have difficulty establishing that the defendant's treatment reflected a substantial departure from accepted medical judgment, practice, or standards. Nevertheless, because other medical providers allegedly found the defendant's care to have been wholly unacceptable, the plaintiff will be permitted to further develop his claim.

In short, it is not the case that the plaintiff in this case could prove "no set of facts" entitling him to relief. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Although the plaintiff cannot recover damages in federal court if he can only demonstrate mere medical malpractice, he may be entitled to relief if he can prove that the defendant's treatment was so inadequate as to rise to the level of deliberate indifference. While a more fully developed record may establish that the plaintiff received constitutionally adequate medical care, the complaint is sufficient to withstand a motion to dismiss.

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss the complaint for failure to state a claim is denied. The court is satisfied that the complaint sets forth a cognizable cause of action under 42 U.S.C. § 1983. Consequently, the defendant is directed to answer or plead within twenty-

one days of the date of this order. This order is not intended to discourage either party from filing a properly completed motion for summary judgment.

## PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Turning to the plaintiff's motion for appointment of counsel, the motion is denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656, *quoting Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). If so, the court must consider: (1) whether, given the degree of difficulty of the case, the plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Gil*, 381 F.3d at 656, *relying on Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

After considering the above factors, the court concludes that appointment of counsel is not warranted in this case. First, the plaintiff has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. *See Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). In any event, although the plaintiff has articulated a colorable claim, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the

evidence that might support the plaintiff's claims are so complex or intricate that a trained attorney is necessary. The plaintiff appears more than capable of presenting his case. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, the plaintiff's motion for appointment of counsel is denied.

In sum, the defendants' motion to dismiss the complaint [#13] is denied. The court is satisfied that the complaint sets forth a cognizable cause of action under 42 U.S.C. § 1983. The defendant is directed to answer or plead within twenty-one days of the date of this order. The plaintiff's motion "to answer defendant's motion to dismiss" [#16] is granted; however, his request for appointment of counsel is denied.

Enter: /s/ William J. Hibbler
WILLIAM J. HIBBLER
United States District Judge

Date: 5/31/07

5/31/07